Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY CLINCH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GOOD LEAF, INC., d/b/a "MERRY JANE" and "MERRYJANE.COM"; a Delaware corporation; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

Plaintiff, Danny Clinch ("Clinch" or "Plaintiff"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1. Clinch is a renowned professional photographer known for the breadth of his work depicting artists across the entire music scene from Johnny Cash to Tupac Shakur. He has also collaborated with high-level brands, published four books, and has exhibits of his work in several museums across America.

2. Defendant Good Leaf, Inc. d/b/a "Merry Jane" and "*merryjane.com*" (collectively, "Merry Jane"), is a global media company that covers news ranging from politics to pop culture. Defendant owns, controls, and operates *merryjane.com* and its accompanying social channels that reach millions of people. Plaintiff at no time authorized Defendants or its associates to use his work. Plaintiff created the photograph that was misappropriated by Defendants, who at no time notified Plaintiff that they intended to exploit his photography, let alone obtain his authorization. This unauthorized usage constituted copyright infringement, amongst other things, as set forth below.

## JURISDICTION AND VENUE

3. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq.*, and Cal. Civ. Code 3344(a).

4. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

5. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

6. This Court has personal jurisdiction over Defendants because its principal place of business is within this District.

///

## PARTIES

7. Clinch is an individual domiciled in New York.

8. Plaintiff is informed and believes and thereon alleges that Defendant Merry Jane is a Delaware corporation with a principal place of business at 1050 W. Alameda Ave. #546, Burbank, California 91506, and is doing business within this District.

9. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive (collectively, "DOE Defendants") (altogether with Merry Jane, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, who therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in or subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH

11. Plaintiff created and owns all rights in the original photograph of Jay-Z (the "Subject Photograph"). The Subject Photograph is set forth in the table below.

12. The Subject Photograph is registered with the United States Copyright Office, with all formalities satisfied.

13. Merry Jane is a digital news publication that derives its revenue in large part from online advertising. Merry Jane published the Subject Photograph to increase user traffic as a key part of advertising without Clinch's attribution or consent (the "Offending Post"). The Subject Photograph is depicted on the left side column of the below illustrative chart and has been misappropriated and published without permission (or payment of licensing fee) by Defendants on their for-profit website *www.merryjane.com*. A comparison of the Subject Photograph and a non-inclusive, true and correct screen capture of the Offending Post and its accompanying URL is depicted in the illustrative chart below.

| Subject Photograph: | Offending Post: |
|---|---|
|  |  |
| | *https://merryjane.com/news/jay-zs-empire-state-of-mind-is-coming-to-the-california-weed-industry* |

14. Merry Jane published and displayed the above image online, including without limitation on its proprietary, commercial website.

15. Clinch at no time authorized Defendants, or any of them, to use the Subject Photograph as complained of herein.

# FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

16. Clinch repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

17. Clinch is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through viewing the Subject Photograph in or on Clinch's publications, profiles, exhibitions, websites and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third-party source.

18. Clinch is informed and believes and thereon alleges that Defendants, and each of them, infringed Clinch's copyrights by creating an infringing and/or derivative work from the Subject Photograph and by publishing the work which infringes the Subject Photograph to the public, including without limitation, on and through its website.

19. Clinch is informed and believes and thereon alleges that Defendants, and each of them, infringed Clinch's copyrights by copying and publishing the Subject Photograph without authorization or consent, creating an unlawful derivative work from the Subject Photograph.

20. Defendants, and each of them, infringed Clinch's rights by copying the Subject Photograph, and distributing the Offending Post, without authorization or consent.

21. Due to Defendants', and each of their, acts of infringement, Clinch has suffered actual, general and special damages in an amount to be established at trial.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Clinch's rights in the

1  Subject Photograph. As such, Clinch is entitled to disgorgement of Defendants'
2  profits directly and indirectly attributable to Defendants' infringement of his rights in
3  the Subject Photograph in an amount to be established at trial.

4        23.   Clinch is informed and believes and thereon alleges that Defendants',
5  and each of their, conduct as alleged herein was willful, reckless, and/or with
6  knowledge, subjecting Defendants, and each of them, to enhanced statutory damages,
7  claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs
8  when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

      24.   Clinch repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

      25.   Clinch is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Defendants, and each of them, realized profits through their respective obtainment, sales, and distribution of the Subject Photograph.

      26.   Clinch is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. Defendants, and each of them, also realized profits through their respective obtainment, distribution and publication of the Offending Post.

      27.   By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Clinch has suffered and will continue to

suffer substantial damages to his business in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

28. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Clinch's rights in the Subject Photograph. As such, Clinch is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph, in an amount to be established at trial.

29. Clinch is informed and believes and thereon alleges that Defendants', and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Photograph;

b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 504, *et seq.*;

c. That Plaintiff be awarded his costs and attorneys' fees to the extent they are available under the Copyright Act, 17 U.S.C. §§ 505, 1203, *et seq.*, and Cal. Civ. Code 3344(g);

    d. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

    e. That Defendants, and each of them, be enjoined from any further use of the photography at issue and/or the distribution of any production incorporating same;

    f. That Plaintiff be awarded pre-judgment interest as allowed by law;

    g. That Plaintiff be awarded the costs of this action; and

    h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: August 22, 2023    By:    */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
Attorney for Plaintiff